**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID TAYLOR,

        Plaintiff,

v.

                                             Case No. 11-10862
                                             Honorable Denise Page
                                  Hood

DEANNA JOHNSON, *et al.*,

        Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DISMISSING ACTION**

**I.    BACKGROUND**

Now before the Court is Magistrate Judge Michael Hluchaniuk's Report and Recommendation **[Docket No. 29, filed June 13, 2012]**. The Magistrate Judge recommended that the Court grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. Defendants and Plaintiff filed objections on limited issues. Defendants also filed a response to Plaintiff's objections. For the reasons stated below, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation consistent with this opinion.

Plaintiff alleges a violation of the First Amendment pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons. Plaintiff alleges that Defendants retaliated against him for complaining about the treatment of inmates to Defendants and writing letters to two United States Senators. Plaintiff alleges that his placement in administrative segregation for 39 days, termination of his job at Federal Prison Industries, the filing of false disciplinary charges, and threatening him with further

disciplinary action were adverse actions. Plaintiff filed a motion for summary judgment on September 1, 2011. Defendants filed a cross motion for summary judgment on February 23, 2011.

## II.   STANDARD OF REVIEW

When examining a Magistrate's Report and Recommendation, 28 U.S.C. § 636 governs the standard of review.   This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III.   DISCUSSION

A First Amendment retaliation claim requires proof that (1) the plaintiff engaged in a protected activity; (2) the defendant took an adverse action that would deter a person of ordinary firmness from engaging in the protected activity; and (3) the adverse action was substantially motivated by the desire to punish the plaintiff for engaging in protected activity. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).   If the plaintiff is able to make his burden, the defendant must then show that he would have taken the action regardless of the plaintiff's protected activity. *Id.* at 399.

The Magistrate Judge assumed, for the purpose of analysis only, that Plaintiff's letter constituted a protected activity and that there was an adverse action taken against Plaintiff. The Magistrate Judge then found that Plaintiff could not establish a causal connection between the adverse action and protected activity. The Magistrate Judge noted that Plaintiff only relied on subjective belief in proving that there was causation. Plaintiff was placed in administrative segregation after Defendant Dolber had a good

2

faith basis for believing Plaintiff was part of an unrelated scheme and this action was done according to prison policy. The Magistrate Judge also noted that Defendants were not involved in the decision to release Plaintiff from his job and Plaintiff was placed in administrative segregation according to policy. The Magistrate Judge further found that Defendants could show that they would have taken the same course of action absent Plaintiff's protected activity.

Plaintiff argues that the Magistrate Judge failed to determine whether the disciplinary charge was substantially related to Plaintiff's protected activity. Plaintiff also takes issue with the characterization of the disciplinary charge. The Magistrate Judge found that the transfer to administrative segregation was an adverse activity. The Magistrate Judge also found that regardless of Plaintiff's ability to prove retaliation, Defendants could show that they would have taken the action absent the protected activity. As to the disciplinary charge and consistent with the Magistrate Judge's analysis on other occasions, Plaintiff has not provided more than his subjective belief in support of his arguments. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992) ("rumors, conclusory allegations and subjective belief . . . are wholly insufficient to establish a claim for discrimination as a matter of law"). There is no evidence that the disciplinary charge was false or that it had any relationship to Plaintiff's letters to the senators.

Defendants take no issue with the ultimate recommendation but object to the Magistrate Judge's assumption that Plaintiff's informal, oral complaints to Defendants constituted protected activity. Defendants conceded that the two letters to United States Senators would likely be protected activity. The Court notes that the Magistrate Judge

3

did not find or assume that the informal, oral complaints were protected activity. Rather, the Magistrate Judge stated that "the court will assume for the purposes of this motion that plaintiff's *letters* constitute protected activity." [Report & Recommendation, Docket No. 29, p. 10]. There is no mention of the informal, oral complaints being deemed protected activity. Even if the Magistrate Judge assumed *without deciding* that the informal, oral complaints constituted protected activity, the Court does not agree that such an assumption would expand the scope of First Amendment retaliation claims. But the Court will reemphasize that for the purpose of the analysis that *only* the letters to the two United States Senators constitute protected activity.

Defendants next argue that not all of Plaintiff's alleged adverse actions actually constituted adverse actions to support a First Amendment retaliation claim. The Court's reading of the Report and Recommendation does not reveal this finding. The Magistrate Judge noted that Plaintiff would be able to "establish that he experienced at least one adverse action." [Docket No. 29, p. 9]. The Magistrate Judge then made a finding as to *one* action: the transfer to administrative segregation. *See Thaddeus-X*, 175   F.3d at 396 (noting that "an action comparable to transfer to administrative segregation would certainly be adverse"). The Magistrate Judge did not find that all complained of actions were adverse to Plaintiff.

For the reasons set forth above and in the Report and Recommendation, the Court agrees with the Magistrate Judge that Plaintiff has not shown that Defendants violated his First Amendment constitutional right to be free from retaliation and the Complaint must be dismissed.

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Magistrate Judge Michael Hluchaniuk's Report and

Recommendation **[Docket No. 29, filed June 13, 2012]** is **ADOPTED** and **ACCEPTED**

as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment

**[Docket No. 18, filed September 1, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment

**[Docket No. 26, filed February 23, 2012]** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Supplement Disclosures **[Docket**

**No. 35, filed July 30, 2012]** is MOOT.

**IT IS FURTHER ORDERED** that the Motion to Strike Motion to Supplement

**[Docket No. 36, filed August 2, 2012]** is MOOT.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.


Dated: <u>August 31, 2012</u>                               <u>s/Denise Page Hood</u>
                                                                          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to David Taylor, 1015 13th
Street, N.W., Cedar Rapids, IA 52405 and the attorneys of record on this date,
Friday, August 31, 2012, by electronic and/or ordinary mail.

                                                                  <u>s/Sakne Srour for LaShawn R. Sauslberry</u>
                                                                  Case Manager