UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID TAYLOR,

        Plaintiff,

v.                                          Case No. 11-10862
                                            Honorable Denise Page Hood

DEANNA JOHNSON, *et al.*,

        Defendants.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION AND
DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

On August 31, 2012, the Court accepted the Report and Recommendation of the Magistrate Judge, recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss the case. Judgment was entered in Defendants' behalf on the same day. Plaintiff David Taylor now asks the Court to reconsider its acceptance of the Report and Recommendation and grant him leave to proceed on appeal in forma pauperis.

**I.    Motion for Reconsideration**

The Eastern District of Michigan Local Rule 7.1(h)(1) allows a party to file a motion for reconsideration within 14 days after entry of judgment. No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The Court may properly grant a motion for reconsideration if the movant shows that the Court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.

Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3).

Federal Rule of Civil Procedure 60 provides for a motion for relief from judgment or order due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Such a motion must be made within a reasonable time, or in regards to grounds (1), (2), or (3), within a year of entry of judgment. Fed. R. Civ. P. 60(c)(1). Whether a motion for relief has been filed within a reasonable time "depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Plaintiff takes issue with the Court's acceptance of the Magistrate Judge's Report and Recommendation. Although Plaintiff correctly lists the grounds for granting a motion for relief or reconsideration, Plaintiff simply rehashes the same arguments that were made before the Magistrate Judge and before this Court through objection. Plaintiff's arguments were considered when the Court reviewed the Report and Recommendation. The Court sees no reason to reconsider those arguments again. The motion for reconsideration is denied.

**II.     Motion for Leave to Proceed In Forma Pauperis**

Plaintiff requests that the Court grant leave to file his appeal without payment of costs based on the Court's prior grant of leave to proceed in forma pauperis. Defendants urge the Court to deny Plaintiff's request because Plaintiff is no longer entitled to proceed in forma pauperis. Defendants assert that Plaintiff is no longer incarcerated and testified at his deposition that he was working. In response, Plaintiff notes that he was laid off from that position several months ago and is now a full-time student in community college.

Federal Rule of Appellate Procedure 24(a)(3) provides that a party that was granted to leave to proceed in forma pauperis for a district court matter is presumptively entitled to proceed on appeal in forma pauperis unless the district court determines "that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." The Court must state its reasons in writing for denying leave. Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). The party must file an affidavit identifying the issues he wishes to appeal and the basis for his entitlement to proceed without payment of fees. Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a)(1). The district court does not abuse its discretion if it denies a motion to proceed in forma pauperis when the plaintiff does not follow the requirements of Rule 24 or section 1915. *See Flippin v. Massey,* 86 Fed. App'x. 896, 896 (6th Cir. 2004) ("The district court did not abuse its discretion here because Flippin failed to support his motion with a sworn affidavit or declaration as required by 28 U.S.C. § 1915(a)(1)."); *Reynolds v. Fed. Bureau of Prisons*, 2002 U.S. App. LEXIS 4241, *2 (6th Cir. 2002) ("The district court did not abuse its discretion by denying Reynolds's [sic] IFP motion because he did not show that he would be denied the basic necessities of life if he were required to pay a filing fee.").

Plaintiff has not followed the requirements of Rule 24 or section 1915. He has not provided an affidavit indicating the issues he intends to appeal nor has he explained his financial situation. Plaintiff, who is no longer an inmate, simply states that he is entitled to proceed with payment of fees because he was granted such leave before. However, the Government has shown that Plaintiff was working and is no longer incarcerated. Plaintiff indicates that he is now a full-time student and was laid off from his job. Although there is a presumption in favor of granting the motion based on the prior waiver of fees, Plaintiff has not satisfied the basic requirements by failing to provide an affidavit explaining the issues to be appealed or his current financial situation. Further, Plaintiff is no longer incarcerated and the circumstances that entitled Plaintiff to relief no longer exist. Plaintiff's motion for leave to proceed in forma pauperis is denied.

### III.     CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion for Reconsideration and Motion for Leave to Appeal In Forma Pauperis.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [Docket No. 40, filed September 9, 2012] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Docket No. 43, filed September 27, 2012] is **DENIED**.

**IT IS SO ORDERED**.

                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated:  February 7, 2013

I hereby certify that a copy of the foregoing document was served upon David Taylor, 1015 13th Street, N.W., Cedar Rapids, IA 52405 and counsel of record on February 7, 2013, by electronic and/or ordinary mail.

                                                S/LaShawn R. Saulsberry
                                                Case Manager